IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SABRINA PATLAN, INDIVIDUALLY AND AS NEXT OF FRIEND OF S.N.P. AND C.R.P., MINORS,<br><br>*Plaintiffs,*<br><br>VS.<br><br>MICHELIN NORTH AMERICA, INC. AND JUAN GUAJARDO,<br><br>*Defendants.* | Civil Action No. 5:19-CV-262-XR |

**ORDER**

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 3), and the responses and replies thereto.[1] After careful consideration, the Court grants the motion and remands this case.

**Background**

Defendant MNA removed this case on March 15, 2019, asserting improper joinder of a non-diverse defendant. MNA asserts there is complete diversity between Plaintiffs, all Texas citizens, and itself, the only properly joined party. MNA is a New York Corporation with its principal place of business in South Carolina.[2] MNA asserts that Defendant Juan Guajardo, a Texas citizen, is improperly joined, and thus his citizenship can be disregarded. MNA contends that its removal is timely because it only recently learned of the improper joinder in discovery.

---

[1] MNA's motion for leave to file a Sur-Reply (docket no. 6) is granted.

[2] Michelin North America (Canada), Inc. was nonsuited before removal.

1

The Original Petition, filed July 25, 2018, asserts claims related to an automobile accident that resulted from an allegedly defectively designed and unreasonably dangerous "tire in question," which was sold on the "vehicle in question," in which Plaintiffs were injured. Plaintiffs allege that MNA was "negligent in the design, manufacture, sale and failure to warn the public about dangers related to the potential for tread loss from tires such as the tire in question, which negligence was a proximate cause of the events made the basis of this suit." (Plaintiff's Original Petition, 5.3). Plaintiffs also allege that Juan Guajardo, a citizen of Texas, was "negligent in selling the 'tire in question' and in his failure to recognize the defects in the 'tire in question,' which said defects had manifested themselves to such a condition that Defendant should have recognized the defects and impending tread/belt separation, and informed or warned of the danger associated with the tire in question." (Plaintiffs' Original Petition, 6.1).

Ordinarily, a defendant desiring to remove a case must do so "within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). MNA removed on March 15, 2019, roughly seven months after Plaintiffs' Original Petition was filed, alleging that the original petition appeared to state a valid claim against Guajardo, but that newly discovered evidence indicated that Plaintiffs had no valid cause of action against Guajardo. This newly discovered evidence consists of Patlan's deposition testimony that she does not know the name of the person who sold her the vehicle in question and the Declaration of Juan Guajardo stating he did not sell the vehicle in question. Exhibit 1 (Patlan dep.) at 18:13-19:18; Exhibit J (Declaration of J. Guajardo).

MNA asserts that only upon receipt of this newly discovered evidence was it determined that Plaintiffs have no valid cause of action against Guajardo, and thus the case became removable at that time. *See* 28 U.S.C. § 1446(b)(3) (if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt of "other paper" from which it may first be ascertained that the case is removable). Therefore, MNA alleges that Guajardo is improperly joined and can be disregarded for diversity jurisdiction purposes. Plaintiffs move to remand, asserting that Guajardo is not improperly joined and that diversity jurisdiction is lacking.

**Improper Joinder Standard**

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts; and (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). This case involves the latter; therefore, the Court must determine whether Plaintiff can establish a cause of action against Guajardo.

The burden of demonstrating improper joinder is placed on the party seeking removal. To meet it, a defendant must show that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). To determine whether there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant, the Court evaluates whether the plaintiff could survive a hypothetical Rule 12(b)(6) challenge to the claim, looking initially to the allegations in the petition to determine whether, under state law, the petition states a claim against the in-state defendant. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir.

2006). Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

**Analysis**

Plaintiffs sue MNA and Guajardo for injuries resulting from an automobile accident. Plaintiffs allege that the accident was caused by the sudden and unexpected de-tread of the right tire ("tire in question"), which resulted in a loss of control of the vehicle and the subsequent accident. Plaintiffs allege that MNA was "negligent in the design, manufacture, sale and failure to warn the public about dangers related to the potential for tread loss from tires such as the tire in question, which negligence was a proximate cause of the events made the basis of this suit." (Plaintiff's Original Petition, 5.3). Plaintiffs also allege that they purchased the vehicle from Defendant Juan Guajardo, and that Guajardo was "negligent in selling the 'tire in question' and in his failure to recognize the defects in the 'tire in question,' which said defects had manifested themselves to such a condition that Defendant should have recognized the defects and impending tread/belt separation, and informed or warned of the danger associated with the tire in question." (Plaintiffs' Original Petition, 6.1).

Although MNA contends that the Original Petition appears to state a valid negligence cause of action against Guajardo and thus the case was not originally removable, the Court finds that the improper joinder was apparent from the face of Plaintiffs' Original Petition, and thus MNA's removal many months later is untimely. Although Plaintiffs have not raised a timeliness objection, because Plaintiffs filed a timely motion to remand, this Court may remand on any ground, including the lack of timely removal. *Schexnayder v. Entergy La., Inc.,* 394 F.3d 280, 284-285 (5th Cir. 2004).

Although Plaintiffs' claim against Guajardo asserts a negligence cause of action, the claim constitutes a "products liability action," defined by Chapter 82 of the Texas Civil Practice & Remedies Code as:

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001(2). Further, based on Plaintiffs' Original Petition, it is apparent that Guajardo is not a manufacturer of the "tire in question," and as such, Plaintiffs' claim is subject to § 82.003, pertaining to Liability of Nonmanufacturing Sellers.

Section 82.003 of the Texas Civil Practice & Remedies Code "provides blanket protection for nonmanufacturing sellers of products from liability for injuries caused by a defective product *unless one of the specified exceptions apply." Garcia v. LG Electronics USA Inc.,* Civil Action No. B-11-61, 2011 WL 2517141, at *2 (S.D. Tex. June 23, 2011) (emphasis added). There are only seven narrow exceptions that may impose liability on a nonmanufacturing seller, and "[a]ny recovery theory pleaded against a nonmanufacturing seller . . . must invoke one of the seven exceptions in § 82.003(a) 'even if the claim would otherwise state a valid claim under Texas law.'" *Evans v. Kawasaki Motors Corp., USA*, No. H-15-659, 2015 WL 4434073, at *3 (S.D. Tex. July 17, 2015).

The only exception under which Plaintiffs' claim could potentially fall is § 82.003(a)(6), which states that a nonmanufacturing seller may be liable if: "(A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect." But Plaintiffs do not allege that Guajardo actually knew of any defects in the tire or the vehicle he sold. They instead allege that Guajardo "should have recognized the

5

defects and impending tread/belt separation." (Plaintiffs' Original Petition, 6.1). This allegation is insufficient to invoke the § 82.003(a)(6) exception, as it does not establish actual knowledge. Under § 82.003(a), liability cannot be based on an allegation that a seller should have known of a defect in a product. *Evans*, 2015 WL 4434073, at *4 (citing cases). MNA's own briefing in its Sur-Reply makes clear that it believes that Plaintiff's Original Petition fails to establish a reasonable probability of recovery against Guajardo, and thus its reliance on "other paper" to start the removal clock fails. The timeline for removal began upon service of the Original Petition on MNA. MNA did not timely remove the case.

**Conclusion**

MNA's own briefing and arguments establish its belief that Plaintiffs' Original Petition failed to state a claim upon which relief could be granted against Guajardo, and thus its removal many months later based on "other paper" was untimely.

MNA's Motion for Leave to file Sur-Reply (docket no. 6) is GRANTED.

Plaintiffs' Motion to Remand (docket no. 3) is GRANTED. This case is remanded pursuant to 28 U.S.C. § 1447(c), (d). The Clerk is directed to close this case.

SIGNED this 28th day of May, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE